Dear Mr. Morvant:
You have asked this office to advise if the Director of Port Security for the Greater Lafourche Port Commission may also hold elective office as a member of the Lafourche Parish School Board, in light of recently released La. Atty. Gen. Op. 10-0088. In Opinion 10-0088, this office concluded that the Director of the Lafourche Parish Parks, Recreation and Building Facilities Department holds fulltime appointive office, and is prohibited by state law from holding at the same time the elective office of school board member.
Because we determine here that the Director of Port Security holds employment rather than appointive office, our conclusion here differs from that reached in Opinion 10-0088 with respect to the Director of Parks and Recreation. For the reasons explained below, it is the opinion of this office that the Director of Port Security for the Greater Lafourche Port Commission holds a position of full-time employment in a political subdivision separate from the school board, and is not prohibited by state law from holding at the same time elective office as parish school board member.
At the outset, we note that the provisions of the Dual Officeholding and Dual Employment Law[1] prohibit one from holding elective office in a political subdivision of the state while at the same time holding full-time appointive office. See
La.R.S. 42:63(D).[2] However, La.R.S. 42:63(D) does not prohibit one from *Page 2 
holding full-time employment in a political subdivision of the state separate from the political subdivision in which he holds elective office.[3]
The legality of holding both positions considered here turns upon whether the position of Director of Port Security is anappointive office, or if the position is employment.
La.R.S. 42:63(D) prohibits an elected school board member from holding full-time appointive office, but does not prohibit an elected school board member from holding full-time employment in a political subdivision separate from the school board, which in this case is the port commission.
La.R.S. 42:62(2) and (3) define appointive office andemployment as follows:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state and or a political subdivision thereof.
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
In order for the position of Director of Port Security to be considered an "appointive office" for purposes of the dual officeholding law, the position must be "specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision"and the *Page 3 
position must be "filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials . . ."
This office has found that under the dual officeholding definitions "to be an appointed office, the position must be expressly authorized by constitution or statute or ordinance. It must be created by operation of positive law rather than administrative act or even executive order. If the office created by law is filled by appointment by a public official or public body, it is an appointive office. Otherwise, it is employment. No other criteria obtain under La.R.S. 42:62(2)."See La. Atty. Gen. Op. 90-312.
While the Greater Lafourche Parish Port Commission is authorized to "employ such officers, agents and employees as it deems necessary . . ." under La.R.S. 34:1652(C)(1), the statute does not specifically establish or specifically authorize the position of Director of Port Security. The position of Director does not constitute appointive office; rather, it is the opinion of this office that the Director of Port Security holds employment with the port commission for purposes of a dual officeholding analysis. A different conclusion was reached in Opinion 10-0088, because the position of Director of the Parish Parks and Recreation Department met the two-part definition of appointive office — the position was specifically authorized by the parish charter, and the position was appointed by the parish president.
It is the opinion of this office that the Director of Port Security holds a position of full-time employment with the Greater Lafourche Port Commission. The dual officeholding provisions do not prohibit the Director from holding at the same time elective office as a member of the Lafourche Parish School Board.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:61, et seq.
[2] La.R.S. 42:63(D) provides, in part:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . .
[3] For purposes of dual officeholding, La.R.S. 42:62(9) defines "political subdivision" to mean "a parish, municipality, and any other unit of local government, including a school board and aspecial district, authorized by law to perform governmentalfunctions . . ." Because the Greater Lafourche Port Commission and the school board are separate political subdivisions under La.R.S. 42:62(9), the concurrent holding of these positions does not violate the prohibition against holding at the same time employment and elective office in the same
political subdivision under La.R.S. 42:63(D).